**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CIVIL CASE NO. 1:16-cv-00202-MR**
**CRIMINAL CASE NO. 1:02-cr-00105-MR-DLH-4**

| | | |
|---|---|---|
| **MICHAEL ANTHONY JENKINS,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on the Petitioner's motion requesting that the Court enter an order again holding this action in abeyance. [CV Doc. 7].[1] According to the Petitioner's motion, the government does not object to his request. [Id.].

Petitioner pleaded guilty to conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and brandishing a firearm in relation to a drug trafficking crime and aiding and

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV" denoting the document is listed on the docket in the civil case file number 1:16-cv-00202-MR, or the letters "CR" denoting the document is listed on the docket in the criminal case file number 1:02-cr-00105-MR-DLH-4.

abetting the same, in violation of 18 U.S.C. §§ 924(c)(1) and 2. [CR Doc. 292]. The presentence report noted that Petitioner had at least two prior qualifying convictions that triggered the Career Offender enhancement under § 4B1.2 of the Sentencing Guidelines: (1) a 1993 North Carolina conviction for possession with intent to sell/deliver cocaine and sale and delivery of cocaine (two counts, consolidated for sentence); and (2) a 1993 North Carolina conviction for assault on a female. The Court sentenced Petitioner as a Career Offender to a total term of 292 months. [Id.].

On June 23, 2016, Petitioner commenced this action by filing a petition pursuant to 28 U.S.C. § 2255. [CV Doc. 1]. In his petition, Petitioner contends that, in light of Johnson v. United States, 135 S. Ct. 2551 (2015), his prior North Carolina conviction for assault on a female no longer qualifies as a "crime of violence" under the Guidelines. [Id. at 3-4]. Consequently, Petitioner argues his Career Offender designation is improper and thus his sentence is unlawful. [Id.].

In response to the petition, the government filed a motion to hold this proceeding in abeyance pending the Supreme Court's decision in Beckles v. United States, 616 Fed. Appx. 415 (11th Cir.), cert. granted, 2016 WL 1029080 (U.S. June 27, 2016) (No. 15-8544). [CV Doc. 3]. One of the questions presented in Beckles was whether Johnson applies retroactively

to cases collaterally challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2).  The residual clause invalidated in Johnson is identical to the residual clause in the Career Offender provision of the Guidelines, § 4B1.2(a)(2) (defining "crime of violence").  This Court granted the government's motion and held this matter in abeyance pending the Beckles decision.  The government was granted sixty (60) days after the Beckles decision to file a response to Petitioner's motion to vacate.  [CV Doc. 4].

On March 6, 2017, the Supreme Court issued its decision in Beckles, holding that "the advisory [Sentencing] Guidelines are not subject to vagueness challenges under the Due Process Clause" and that Johnson, therefore, does not apply to invalidate the residual clause of the career-offender Guideline. 137 S. Ct. 886, 890, 895 (2017).  In the wake of Beckles, Petitioner filed a supplemental brief in support of his motion to vacate, in which he argues that Beckles does not resolve his claim for relief because he was sentenced when the Sentencing Guidelines were mandatory, rather than advisory.  [CV Doc. 5 at 1].  The government filed a response to the Petitioner's motion to vacate on May 5, 2017.  [CV Doc. 6].

The Petitioner now moves to stay this case again.  For grounds, he contends that the Fourth Circuit will soon hear oral argument in United States

v. Brown, No. 16-7056 (4th Cir.), in which the defendant has argued that his career-offender sentence should be vacated under Johnson because he was classified as a career offender based on the residual clause of the career-offender guideline when the Guidelines were mandatory. The Petitioner argues that the Fourth Circuit's decision in Brown may be dispositive of his claim for relief under Johnson.

Based upon the reasons given by the Petitioner, and without objection by the government, the Court concludes that the Petitioner's motion should be granted.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion to place this case in abeyance [CV Doc. 7], is hereby **GRANTED** and this matter is hereby held in abeyance pending the Fourth Circuit's decision in United States v. Brown, No. 16-7056 (4th Cir.). Thereafter, the Petitioner shall have 14 days from the date the Fourth Circuit issues the mandate in Brown within which to file a reply in this matter.

**IT IS SO ORDERED.** Signed: May 12, 2017

Martin Reidinger
United States District Judge